IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM COPETE-LOZANO,

    Petitioner,

v.

E. EMMERICH,

    Respondent.

OPINION and ORDER

24-cv-891-jdp

---

Petitioner William Copete-Lozano, proceeding without counsel, seeks emergency relief under 28 U.S.C. § 2241. Dkt. 1. Copete-Lozano contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) that, if applied, would considerably shorten his incarceration. Dkt. 1.

Respondent argues that the FSA prohibits the BOP from applying Copete-Lozano's earned-time credit to his sentence because he's subject to a final order of removal. Dkt. 12. Copete-Lozano did not reply. The evidence shows that Copete-Lozano is subject to a final order of removal, so I will deny the petition.

BACKGROUND

The background is drawn from the declarations of A. Palmer and Brian Skelly, Dkt. 13 and Dkt. 14, submitted by respondent. Copete-Lozano didn't reply to the declarants' factual statements, so I will accept those statements as true when ruling on the petition. *See* 28 U.S.C. § 2248; *Gagen v. Keyes*, No. 23-cv-386-jdp, 2023 WL 8481558, at *1 (W.D. Wis. Nov. 14, 2023).

Copete-Lozano is a native and citizen of Colombia. He was extradited from Colombia and paroled into the United States for criminal prosecution in September 2016. Dkt. 14 ¶ 7. In December 2017, Copete-Lozano was convicted in the Eastern District of Texas of narcotics offenses and sentenced to 236 months' imprisonment. *Id.* ¶ 8.

In April 2020, while serving his sentence at Moshannon Valley Correctional Institution in Pennsylvania, Copete-Lozano was served with a notice to appear that charged him as removable from the United States under three provisions of 8 U.S.C. § 1182(a)(2). *Id.* ¶ 9. On May 5, 2020, Copete-Lozano appeared without counsel before an immigration judge in the York Immigration Court. *Id.* ¶ 10. Copete-Lozano admitted the factual allegations in the notice to appear. *Id.* He did not apply for relief from removal and, instead, requested removal to Colombia. *Id.* Based on Copete-Lozano's admissions, lack of relief application, and his request for relief, the immigration judge sustained the charges in the notice to appear and ordered him removed to Colombia. *Id.*; Dkt. 13-7 at 2. Copete-Lozano waived appeal of the order of removal. Dkt. 14 ¶ 11. Copete-Lozano remains subject to the order of removal, and the Department of Homeland Security intends to remove him when he enters its custody. *Id.* ¶¶ 11, 14.

Copete-Lozano's projected release date is February 7, 2032. Dkt. 13 ¶ 2. As of February 9, 2025, Copete-Lozano had earned 1065 FSA time credits. *Id.* ¶ 7. The BOP has not applied any of these credits toward supervised release or prerelease custody based on a determination that Copete-Lozano is subject to a final order or removal. *Id.* ¶¶ 8–11.

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

The undisputed evidence shows that Copete-Lozano is subject to the order of removal issued on May 5, 2020. That order is final because Copete-Lozano waived his right to appeal to the Board of Immigration Appeals (BIA). *See* 8 C.F.R. §§ 1003.39 and 1241.1(b); *Cabrera v. Barr*, 930 F.3d 627, 630 (4th Cir. 2019) ("That order indicates that Cabrera affirmatively waived his right to appeal the [immigration judge's] decision to the BIA, making the [] order a final order of removal."). Because Copete-Lozano is subject to a final order of removal, "[t]he FSA prohibits the BOP from applying his earned-time credits to his sentence." *Calvillo-Lores v. Emmerich*, No. 24-cv-890-jdp, Dkt. 23 at 5; *see also De La Cruz v. Emmerich*, No. 24-cv-346-wmc, 2024 WL 4987235, at *2 (W.D. Wis. Nov. 22, 2024) (holding that the petitioner's order of removal was final because he waived an appeal, and that the order precluded application of FSA time credit to shorten his incarceration).

Copete-Lozano alleged in his verified petition that he's not subject to a final order of removal because: (1) no order of removal was entered; (2) he appealed to the BIA; and (3) he expressed the desire to apply for relief from removal to an immigration officer. *See* Dkt. 1

3

at 1–2. Regarding the third reason, Copete-Lozano suggests that he's entitled to further administrative proceedings because he sought that relief from an immigration officer. I can treat the petition as a declaration because it is signed under penalty of perjury. But Copete-Lozano's conclusory statements in his petition cannot overcome the more specific evidence submitted by the government, including the order of removal, which shows that Copete-Lozano admitted the factual allegations in the notice to appear, did not apply for relief from removal, and waived an appeal to the BIA. *See* Dkt. 13-7 at 2; *Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021) (alterations adopted) (stating that "conclusory statements are insufficient" for relief under § 2241, even if the petitioner proceeds without counsel). The time for Copete-Lozano to challenge respondent's evidence was in the reply, which he failed to file. So I accept respondent's evidence as true, which means that Copete-Lozano is not entitled to habeas relief.

ORDER

IT IS ORDERED that:

1.  Petitioner William Copete-Lozano's emergency petition, Dkt. 1, is DENIED.

2.  The clerk is directed to enter judgment and close the case.

Entered July 7, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge